## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| The Greenville County Republican Party Executive Committee, the South Carolina Republican Party, Betty S. Poe, in her official capacity as the Chairman of the Greenville County Republican Party, and William "Billy" Mitchell, | ) ) ) ) C.A. No. 6:10-cv-01407-JMC ) ) ) **OPINION AND ORDER** ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| The State of South Carolina and John H. Hudgens, III, in his official capacity as the Chairman of the South Carolina State Election Commission, | ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

      This case involves a challenge to multiple election laws of the State of South Carolina brought by the Greenville County Republican Party Executive Committee, the South Carolina Republican Party, Betty S. Poe,[1] in her official capacity as the Chairman of the Greenville County Republican Party, and William "Billy" Mitchell ("Plaintiffs") against the State of South Carolina and John H. Hudgens, III, in his official capacity as the Chairman of the South Carolina State Election Commission ("Defendants"). Plaintiffs contend that the open primary system and other laws placing restrictions on the candidate nomination process are unconstitutional because they violate Plaintiffs' right to freedom of association and equal protection as guaranteed by the First and Fourteenth Amendments of the Constitution. Currently before the court is Plaintiffs'

---

[1] Betty S. Poe was substituted for Patrick B. Haddon as a Plaintiff as a result of her election as the new Chairperson of the Greenville County Republican Party. *See* Order granting Plaintiffs' Motion to Substitute Party [Doc. 60].

1

Motion to Alter or Amend Judgment [Doc. 56]. The procedural history and facts concerning the parties' Motions for Summary Judgment are set forth in detail in the court's order dated March 30, 2011, ("March Order") and incorporated herein.

## LEGAL STANDARD

The court may alter or amend a judgment for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Amer. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). The standard governing motions to reconsider is strict. *See Farkas v. Ellis*, 783 F. Supp. 830, 832 (S.D.N.Y. 1992) (citing *Ruiz v. Comm'r of D.O.T. of City of N.Y.*, 687 F. Supp. 888, 890 (S.D.N.Y. 1988)). The moving party must advance a legal basis for its motion beyond simply disagreeing with the court's judgment in order to prevail. *See In re Worlds of Wonder Sec. Litig.*, 814 F. Supp. 850, 874 (N.D. Cal. 1993). Moreover, a motion to reconsider may not be used to relitigate matters on which the court has already ruled. *See Centennial Broad., LLC v. Burns*, 433 F. Supp. 2d 730, 733 (W.D. Va. 2006) (quoting *Pac. Ins. Co.*, 148 F.3d at 403).

## DISCUSSION

In light of the memoranda from the parties concerning the scope of the court's March Order, the court grants Plaintiffs' request for clarification of the rulings in the March Order. Plaintiffs' Motion for Summary Judgment regarding the facial challenge to South Carolina's election statutes is denied. Defendants' Motion for Summary Judgment regarding the facial challenge is granted. However, the court did not address Plaintiffs' as-applied challenges to the

election statutes in its March Order based on the discussion during the March 10, 2011, hearing on the motions for summary judgment.

Plaintiffs originally brought this action as a challenge to certain South Carolina election statutes on their face and in their application. The parties participated in the required scheduling conference and represented to the court that there would be minimal, if any, need for fact witnesses and no need for expert witnesses. The parties further consented to and requested the court enter an abbreviated scheduling order and, in fact, conducted no discovery prior to filing dispositive motions. Although both Plaintiffs and Defendants filed motions for summary judgment which requested disposition as to all claims asserted by Plaintiffs, neither provided the court with substantive arguments regarding Plaintiffs' as-applied challenge. Moreover, during the hearing, Plaintiffs indicated that they were not seeking summary judgment as to their as-applied constitutional challenges to the election statutes at issue in the case. *See* Summary Judgment Hearing Transcript, March 10, 2011, pp. 67:20-68:15; 97:22-98:1. Defendants did not substantively argue in favor of disposition of Plaintiffs' as-applied challenge. Accordingly, the court understood the parties to acknowledge the need for additional factual development of the record concerning Plaintiffs' as-applied challenge. The record before the court contains only a few affidavits which purport to give opinions as to South Carolina's election statutes and the effects of Plaintiffs' request for relief. *See* Affidavit of Wayne Griffin [Doc. 21-1]; Exhibits to Affidavit of Wayne Griffin [Doc. 21-2]; Affidavit of Patrick B. Haddon [Doc. 28-2]; Affidavit of William "Billy" Mitchell [Doc. 28-3]; and Affidavit of Karen Floyd [Doc. 28-4]. However, none of the litigants have presented the court with any empirical, statistical, or expert evidence which would enable the court to properly evaluate Plaintiffs' as-applied challenges. The court is

3

particularly concerned that the record is insufficient for any meaningful determination of (among other issues) 1) whether the political parties represented by Plaintiffs are actually considering or are likely to hold closed primaries, 2) whether the convention nomination statute's voting requirement poses an impossible hurdle to Plaintiffs' use of the convention method of candidate nomination, 3) the existence and impact of crossover voting, and 4) the practical effects of operating open or closed primaries on the rights of political parties, voters and candidates. Therefore, to resolve any confusion as to the court's disposition of this issue, the court believes issues of material fact remain as to Plaintiffs' as-applied challenge to the election statutes and that it would be improper to dismiss such a challenge before the relevant facts and evidence are presented to the court for appropriate consideration. *See Idaho Republican Party v. Ysursa*, 660 F. Supp. 2d 1195 (D. Idaho 2009) (declining to dispose of political party's challenge to state election laws on a motion for summary judgment where additional factual development of the record was necessary). Accordingly, to the extent that Defendants sought summary judgment with respect to Plaintiffs' as-applied challenge, the court denies their motion.

The court recognizes that Defendants make interesting arguments in support of their request to dispose of the as-applied challenge to the election statutes, particularly on the issues of ripeness and the absence of facts in the record as it currently stands to support Plaintiffs' claims. Although Defendants raise these arguments now, it is apparent from the record that none of the parties to this case adequately considered or presented arguments regarding the disposition of Plaintiffs' as-applied claims in the summary judgment motions reviewed by the court in March. Because there is no right more fundamental to our democracy than the right to freely elect our

representatives and because the issue at stake is so significant, the court declines to dispose of Plaintiffs' as-applied constitutional challenges without due consideration.

As to the facial challenges, the court denies Plaintiffs' motion to reconsider its order granting summary judgment to Defendants. Plaintiffs argue that the court misunderstood the facts of the case and misapplied the law to some of the facts it understood. After a thorough review of Plaintiffs' claims and the March Order, the court is not persuaded that it either misunderstood material facts or misapplied the law. The fact remains that the primary system is not the only way in which Plaintiffs may nominate a candidate. Furthermore, there has been no change in the controlling law, nor has new evidence been discovered. Plaintiffs have not presented the court with any showing of a clear error in its March Order or demonstrated that Plaintiffs will suffer a manifest injustice as a result of the March Order.

In the memorandum in support of their motion to reconsider, Plaintiffs contend that the court misinterpreted the law in concluding that political parties may place a candidate on the general election ballot by petition. Despite Plaintiffs' arguments to the contrary, they have not cited and the court cannot find anything within South Carolina's election scheme that expressly prohibits the use of petitions by political parties. *See* March Order, at 2. Accordingly, Plaintiffs have failed to show a clear error of law on this point.

Plaintiffs also assert that the court erred in its assessment of the Greenville County Republican Party's role in partisan municipal primaries conducted in the City of Greenville. Although Plaintiffs submitted an affidavit attesting to the fact that the Greenville County Republican Party pays for and conducts the Republican municipal primary in the City of Greenville, Plaintiffs failed to provide any basis upon which the court could find them entitled to

judgment as a matter of law on the issue of whether such action is unconstitutional. Plaintiffs did not cite any state statute that requires such action. In fact, Plaintiffs recognize in their memorandum supporting their motion for reconsideration that state law does not require the Greenville County Republican Party to conduct a partisan primary. Instead, state law provides that, if a municipality does not adopt nonpartisan primary elections, nomination of candidates may be made in accordance with state law. *See* S.C. Code Ann § 5-15-60. As discussed in the court's March Order, the nomination methods provided by state law are not unconstitutional on their face. If the Greenville County Republican Party claims that it conducts a municipal party primary pursuant to state law, it has alternative methods of nomination which obviate its facial constitutional challenge. To the extent that Plaintiffs believe that they are required to conduct and pay for municipal primary elections by the City of Greenville, they have failed to present the court with any municipal law or action to review and have failed to bring an action naming the relevant City of Greenville official against whom the court might have entered judgment. Plaintiffs merely alleged that state law unconstitutionally limited their rights, and the court finds no such limitations within the state laws related to municipal elections.

Plaintiffs further contend the court applied the wrong level of scrutiny in examining the interests advanced by the State of South Carolina in the March Order. In the March Order, the court determined that the challenged laws imposed only a minor burden upon Plaintiffs, if any. In analyzing the three strongest interests advanced by Defendants, the court discussed the legitimacy and importance of the interests. To avoid any further confusion, the court expressly finds the three interests articulated by Defendants – protecting and preserving the integrity of the nominating process, increasing voter participation, and ensuring administrative efficiency – to be

important interests for the reasons outlined in the March Order. The court further finds that, given the alternative methods of candidate nomination and the uniform application of the relevant statutes among the various political parties, the restrictions imposed by the statutes at issue are reasonable and non-discriminatory.

Finally, Plaintiffs claim the court failed to specifically address the constitutionality of several statutes. Plaintiffs simply list the series of statutes and advance the same arguments raised in Plaintiffs' original motion for each statute. Although the court did not address the statutes in the manner presented by Plaintiffs, the court addressed the substance of the arguments advanced by Plaintiffs concerning each of the statutes at issue in its discussion regarding Plaintiffs' challenge to the use of open primaries generally. The court determined that the statutes, viewed individually and in the context of the entire legislative scheme, did not unconstitutionally inhibit Plaintiffs' freedom of association or violate the equal protection guarantees of the Constitution. Plaintiffs would have the court determine the constitutionality of each referenced statute or parts of a statute in isolation and without consideration of the statutory scheme as a whole. Such an approach is clearly contrary to the law. *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 620, 503 S.E.2d 471, 476 (1998) ("In construing statutory language, the statute must be read as a whole, and sections which are part of the same general statutory law must be construed together and each one given effect.").

Accordingly, Plaintiffs' motion to reconsider the court's March Order is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Alter or Amend Judgment [Doc. 56] is **DENIED**. Because the court recognizes the need for further development of the record to

adequately address Plaintiffs' as-applied challenge to the statutes, the court will re-open discovery for the purpose of obtaining the relevant information. The court orders the parties to submit a joint proposed scheduling order for the court's consideration within ten (10) days of entry of this Order.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

July 18, 2011
Greenville, South Carolina