IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| The Greenville County Republican Party Executive Committee, Betty S. Poe, in her official capacity as the Chairman of the Greenville County Republican Party, & William "Billy" Mitchell, | ) ) ) ) ) ) ) | C.A. No.: 6:10-cv-01407-MGL **SECOND AMENDED COMPLAINT** (Non-Jury) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Billy Way, Jr., in his official capacity as the Chairman of the South Carolina State Election Commission, the Greenville County Election Commission and Greenville County Board of Registration, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and, | ) ) | |
| Wayne Griffin, Reginald Griffin, Brett Bursey, Alan Olson, the South Carolina Independence Party, the South Carolina Constitution Party, the Progressive Network Education Fund, Inc., the Columbia Tea Party, Inc., the Committee for a Unified Independent Party, Inc. (d/b/a IndependentVoting.org), Terry Alexander, Karl B. Allen, Jerry N. Govan, Jr., Chris Hart, Leon Howard, Joseph Jefferson, Jr., John Richard C. King, David J. Mack, III,Harold Mitchell, Jr., Joseph, Neal, Anne Parks, Ronnie Sabb & Robert Williams, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendant-Intervenors. | ) ) ) | |

**NATURE OF THE CASE**

The Greenville County Republican Party Executive Committee, Betty S. Poe, in her official capacity as the Chairman of the Greenville County Republican Party, and William "Billy" Mitchell (hereinafter "Plaintiffs"), by and through their undersigned legal counsel, file this civil action and respectfully request that this Court issue a declaratory judgment and permanent injunctive relief against the Defendants Billy Way, Jr., in his official capacity as the Chairman of the South Carolina State Election Commission, the Greenville County Election Commission and Greenville County Board of Registration (hereinafter "Defendants") for Defendants' violations of the Plaintiffs' First and Fourteenth Amendment rights of free association and the equal protection of the laws as guaranteed in the United States Constitution.  This Court has jurisdiction of this claim under 28 U.S.C. § 1331, 28 U.S.C. §§ 2201-2202, 28 U.S.C. § 1367 and 42 U.S.C. § 1983.  In support thereof, the Plaintiffs show unto the Court as follows:

1.      On October 1, 2007, the Fourth Circuit Court of Appeals issued the decision of <u>Miller v. Brown</u>, 503 F.3d 360 (4th Cir. 2007) holding, <u>inter alia</u>, that state run open primaries are a violation of a political party's right of free association if the state places restrictions on the party's ability to nominate by other means such as a firehouse primary or by convention. Despite the ruling of the Court, the Defendants continue to conduct state run open primaries in the State of South Carolina and restrict the Plaintiffs from nominating candidates by firehouse primary or by convention.

2.    Plaintiffs seek permanent injunctive relief enjoining the Defendants, their agents, servants, employees and those acting in active concert and with actual notice thereof, from enforcing 2013 Act No. 61, in whole or in part, S.C. Code Sections, 7-11-30, 7-13-15, 7-9-20, 7-5-420, 7-5-610, 7-5-630, 7-15-320, 7-5-340, 7-9-80 and 7-9-100 (hereinafter "Code Sections"), and from violating the Plaintiffs' First and Fourteenth Amendment rights of free association and the equal protection of the laws as guaranteed in the United States Constitution.

3.    Plaintiffs also pray for a declaratory judgment to determine the constitutionality of 2013 Act No. 61, in whole or in part, S.C. Code Sections 7-11-30, 7-13-15, 7-9-20, 7-5-420, 7-5-610, 7-5-630, 7-15-320, 7-5-340, 7-9-80 and 7-9-100, and the Defendants' actions in denying the Plaintiffs the opportunity to exercise their Constitutional rights, and to declare the S.C. Code Sections and 2013 Act No. 61, in whole or in part, both on their face and as applied, unconstitutional as a direct violation of the First and Fourteenth Amendments to the United States Constitution.

4.    Plaintiffs also pray that Defendants Greenville County Election Commission and Greenville County Board of Registration pay the Plaintiffs' monetary damages for the Defendants' direct violations of the Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

5.    An actual controversy exists between the parties involving substantial Constitutional issues, in that 2013 Act No. 61, in whole or in part, and the

S.C. Code Sections, on their face and as applied, violate the United States Constitution.

## JURISDICTION AND VENUE

6.      This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

7.      This Court has jurisdiction over this claim under, and by virtue of, 28 U.S.C. §§ 1331, 2201-2202.

8.      Venue is proper under 28 U.S.C. § 1391(b).  Each and all of the acts alleged herein were done by the Defendants in the State of South Carolina and in the County of Greenville, under the color and pretense of the statutes, ordinances, regulations, customs, policies, procedures and laws of the State of South Carolina.

9.      This Court is authorized to grant a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the injunctive relief requested by the Plaintiffs through the Federal Rules of Civil Procedure.

## THE PARTIES

10.     Plaintiff Greenville County Republican Party Executive Committee (hereinafter "Greenville County Republican Party") is a political organization formed pursuant to the Rules of the South Carolina Republican Party and the Greenville County Republican Party and it has

certain rights, duties and authority conferred upon it by the South Carolina Election Law, S.C. Code Ann. § 7-1-10, et seq.

11.    The Greenville County Republican Party may be referred to as the "Republican Parties" or "Parties."

12.    Plaintiff Betty S. Poe (hereinafter "Poe") is a resident and citizen of Greenville County, South Carolina.  This action is brought on behalf of the Chairman of the Greenville County Republican Party in his or her official capacity.  The office of County Chairman is created pursuant to S.C. Code Sections 7-9-80 and the Rules of the Republican Parties.

13.    Plaintiff William "Billy" Mitchell (hereinafter "Mitchell") is a resident and citizen of Greenville County, South Carolina.

14.    Defendant Billy Way, Jr. (hereinafter "Way"), upon information and belief, is a resident and citizen of South Carolina.  He is the Chairman of the South Carolina State Election Commission, and he is sued in that official capacity.  The South Carolina State Election Commission, and the position of Chairman, are created pursuant to S.C. Code Section 7-3-10.

15.    Defendants Greenville County Election Commission and Greenville County Board of Registration (hereinafter "Greenville County Election Commission) are public bodies established and organized pursuant to South Carolina Code §§ 7-27-320, 7-27-110, 7-5-10 and 7-13-70, and they have the authority to sue and be sued and were at all times relevant herein acting within the course and scope of their authority and under color of state law.

## COMMON FACTUAL ALLEGATIONS

<u>The Plaintiffs</u>

16.    Plaintiff Greenville County Republican Party nominates by political party primary candidates whose names appear on the general election ballot.

17.    The candidates nominated in the Political Parties' primaries become the standard-bearers and leaders of the Republican Parties.

18.    Plaintiff Betty S. Poe is a registered elector in Greenville County. She freely associates with the Greenville County Republican Party and the South Carolina Republican Party. Plaintiff Poe desires to vote in primaries that comply with her constitutional rights of free association and the equal protection of the laws under the First and Fourteenth Amendments to the United States Constitution.

19.    Plaintiff Mitchell is a registered elector in Greenville County. He is also a resident and registered elector in the City of Greenville. He is a member of the Greenville 16 Club of the Greenville County Republican Party, a precinct Club organized pursuant to the Republican Parties' Rules. He freely associates with the Greenville County Republican Party, the Greenville 16 Club of the Greenville County Republican Party and the South Carolina Republican Party. Plaintiff Mitchell desires to vote in primaries that comply with his constitutional rights of free association and the equal protection of the laws under the First and Fourteenth Amendments to the United States Constitution.

20.    The Chairman of the Greenville County Republican Party has the authority
       to call the County Convention to order, pursuant to S.C. Code Section 7-9-
       80, and to receive and forward various documents from candidates
       seeking the nomination of the Republican Parties, pursuant to S.C. Code
       Sections 7-11-210, 7-11-220, 7-13-40 and 7-13-45.

<u>The Defendants</u>

21.    Defendant Way, through the South Carolina State Election Commission,
       conducts primaries for federal office, statewide office, countywide and less
       than countywide office, and for the offices for the state Senate and the
       state House of Representatives.

22.    Defendant Greenville County Election Commission conducts primaries for
       federal office, statewide office, countywide and less than countywide
       office, and for the offices for the state Senate and the state House of
       Representatives.

23.    When Defendants Way and Greenville County Election Commission
       conduct the primaries for the Republican Parties, the Defendants conduct
       the primaries in a manner that allows Democrats and other rivals of the
       Republican Party to vote in the Parties' primary.  This conduct infringes on
       the Plaintiffs' rights of free association and the equal protection of the law.

## General Election Laws and Code Sections

24.    S.C. Code § 7-11-10, Methods of nominating candidates, states in part that: "Nominations for candidates for the offices to be voted on in a general or special election may be by political party primary, by political party convention or by petition …"

25.    S.C. Code § 7-11-20, Conduct of party conventions or party primary elections generally; presidential preference primaries, states in part that: "Except as provided in subsection (B), party conventions or party primary elections held by political parties certified as such by the State Election Commission pursuant to the provisions of this title to nominate candidates for any of the offices to be filled in a general or special election must be conducted in accordance with the provisions of this title and with party rules not in conflict with the provisions of this title or of the Constitution and laws of this State …"

26.    S.C. Code Section § 7-15-395, Responsibilities of political parties; expenses, state in part: "Any political party conducting a primary in this State is responsible for carrying out the provisions of this article by making ballots and election material available so that the persons named in Section 7-15-320 [Persons qualified to vote by absentee ballot] may be enabled to vote in primary elections. All expenses incurred by any political party in conducting elections subject to the provisions of this article shall be borne by such political party."

<u>Unconstitutional Code Sections</u>

27.    S.C. Code § 7-11-30, Convention nomination of candidates, states in part:

"If a party nominates candidates by conventions, the state convention

shall nominate the party's candidate for Governor, Lieutenant Governor,

and all other statewide officers and United States Senators, members of

Congress, and circuit solicitors, and the county conventions shall

nominate the party's candidates for all county offices. No convention shall

make nominations for candidates for offices unless the decision to use the

convention method is reached by a three-fourths vote of the total

membership of the convention, except the office of state Senator and of

member of the House of Representatives. The nomination of the party's

candidates for the office of the state Senator and of member of the House

of Representatives must be made in the manner determined by the state

committee. If a party determines that nomination for the office of state

Senator and of member of the House of Representatives must be by

convention, these nominations must be made by the state convention."

28.    S.C. Code § 7-13-15, Primaries to be conducted by State Election

Commission and county election commissions on second Tuesday in

June, state in part:

> "(A)(1) This section does not apply to municipal
> primaries.
> (2) This section does not apply to presidential
> preference primary elections for the Office of
> President of the United States, which are provided for
> in Section 7-11-20(B).
> (B) Except as provided in subsection (A) or unless
> otherwise specifically provided for by statute or

ordinance, the following primaries must be conducted by the State Election Commission and the county election commissions on the second Tuesday in June of each general election year:

(1) primaries for national offices, excluding the presidential preference primaries for the Office of President of the United States, which are provided for in Section 7-11-20(B); and

(2) primaries for:

> (a) state offices;
> (b) offices including more than one county;
> (c) countywide and less than countywide offices, specifically including, but not limited to, all school boards and school trustees; and
> (d) special purpose district offices, which include, but are not limited to, water, sewer, fire, soil conservation, and other similar district offices."

29.    S.C. Code § 7-9-20, Qualifications for party membership and voting in primary election, states: "The qualifications for membership in a certified party and for voting at a party primary election include the following: the applicant for membership, or voter, must be at least eighteen years of age or become so before the succeeding general election, and must be a registered elector and a citizen of the United States and of this State. A person may not vote in a primary unless he is a registered elector. The state convention of any political party, organization, or association in this State may add by party rules to the qualifications for membership in the party, organization, or association and for voting at the primary elections if the qualifications do not conflict with the provisions of this section or with the Constitution and laws of this State or of the United States."

30.    S.C. Code § 7-5-420, Lists of voters for party primaries, states in part: "Immediately preceding each party primary election the board of

registration in each county shall furnish to the county committee of each

political party proposing to hold a primary two official lists of voters for

each polling precinct in the county, containing in each the names of all

electors entitled to vote at each precinct."

31.    S.C. Code § 7-5-610, Who is entitled to vote in municipal

elections, states:

"Every citizen of this State and of the United States:
(1) Of the age of eighteen years and upwards;
(2) Having all the qualifications mentioned in Section
7-5-120 [Qualifications for registration];
(3) Who has resided within the corporate limits of any
incorporated municipality in this State for thirty days
previous to any municipal election;
(4) Who has been registered for county, state, and
national elections as herein required;
is entitled to vote at all municipal elections of his municipality."

32.    S.C. Code § 7-5-630, Municipal registration or enrollment shall not be

required, states in part: "There shall be no registration or enrollment

required for voting in municipal elections except the registration required

for voting in county, State and national elections."

33.    S.C. Code § 7-15-320, Persons qualified to vote by absentee ballot,

states: "A qualified elector in any of the following categories must be

permitted to vote by absentee ballot in all elections when he is absent

from his county of residence on election day during the hours the polls are

open, to an extent that it prevents him from voting in person …:

(1) students, their spouses, and dependents residing
with them;
(2) members of the Armed Forces and Merchant
Marines of the United States, their spouses, and
dependents residing with them;

(3) persons serving with the American Red Cross or with the United Service Organizations (USO) who are attached to and serving with the Armed Forces of the United States, their spouses, and dependents residing with them;
(4) persons in employment;
(5) physically disabled persons;
(6) governmental employees, their spouses, and dependents residing with them;
[(7) – (15) deleted due to length]"

34.    S.C. Code § 7-5-340, Duties of State Election Commission respecting removal of elector from official list, states in part: "The State Election Commission shall: (1) ensure that the name of a qualified elector may not be removed from the official list of eligible voters except: (a) at the request of the qualified elector; (b) if the elector is adjudicated mentally incompetent by a court of competent jurisdiction; …"

35.    S.C. Code § 7-9-80, County conventions; organization and conduct of business, states in part: "Each county convention shall ... also elect the county chairman, the county vice-chairman and a member of the State committee from the county and as many delegates to the State convention as triple the number of members from the county in the House of Representatives, plus one. But county conventions at their discretion may elect double the number of delegates in which case each delegate shall have one-half vote."

36.    S.C. Code § 7-9-100, State convention, states in part: "The state convention …. The convention must be composed of delegates elected by the county conventions. Each county is entitled to one delegate for each six thousand residents of the county, according to the latest official United

States Census, plus two additional members. If a county has a fractional portion of population of at least three thousand residents above its last six thousand resident figure it is entitled to an additional delegate."

## Unconstitutional State Acts

37. On June 13, 2013, the Governor signed into law 2013 Act No. 61.

38. Once in effect, S.C. Code Section 7-11-30 will read as follows pursuant to 2013 Act No. 61: "(A) A party may choose to nominate candidates for all offices including, but not limited to, Governor, Lieutenant Governor, United States Senator, United States House of Representatives, Circuit Solicitor, State Senator, and members of the State House of Representatives if: (1) there is a three fourths vote of the total membership of the convention to use the convention nomination process; and (2) a majority of voters in that party's next primary election approve the use of the convention nomination process.  (B) A party may not choose to nominate by party convention for an election cycle in which the filing period for candidates has begun.  (C) A political party nominating candidates by party convention shall nominate the party candidates and make the nominations public not later than the time for certifying candidates to the authority charged by law with preparing ballots for the general or special election."

39. 2013 Act No. 61 states: "This act takes effect upon preclearance approved by the United States Department of Justice or approval by a declaratory

judgment issued by the United States District Court for the District of Columbia, whichever occurs first."

## Methods of Nomination

40.    The Greenville County Republican Party, pursuant to S.C. Code Sections 7-11-10, 7-11-15, 7-11-20 and 7-11-30, may nominate candidates by political party primary or by political party convention for countywide or less than countywide office.

41.    The Greenville County Republican Party and the South Carolina Republican Party cannot nominate candidates by petition or by political party petition under the Election Laws of the State of South Carolina.

## Political Party Conventions

42.    For political party conventions, S.C. Code § 7-11-30 states, in part, that: "No convention shall make nominations for candidates for offices unless the decision to use the convention method is reached by a three-fourths vote of the total membership of the convention" for certain offices.

43.    In order to nominate by convention for certain offices, according to the unconstitutional and unlawful S.C. statutes enforced by the Defendants, the Greenville County Republican Party and South Carolina Republican Party must pass a motion to nominate by convention by three-fourths vote of the total membership of the convention.

44.   Under the laws of the State of South Carolina, other corporations, partnerships and non-profit organizations can pass motions by a simple majority vote and by executive committees.

45.   The requirement of a supermajority three-fourths vote to nominate by convention places a severe burden on the Plaintiffs' ability to nominate candidates outside of a government conducted open primary.

46.   S.C. Code §§ 7-9-80 and 7-9-100 restrict the Republican Parties ability to determine who can be a delegate to the State Convention and restrict the number of delegates from each county to the State Convention.  These restrictions severely burden the Political Parties' ability to reach the three-fourths supermajority to nominate by convention.

47.   South Carolina Code Sections 7-11-30, 7-9-80 and 7-9-100, on their face and as applied, severely burden the Plaintiffs' rights of free association and the equal protection of the laws.

48.   The Defendants have no compelling state interest in requiring a three-fourths vote to pass a motion to nominate by convention and restricting who can be a delegate to the state convention and the number of delegates.  In addition, Code Sections 7-11-30, 7-9-80 and 7-9-100, on their face and as applied, are not narrowly tailored to serve any compelling government interest.

Primary Expenses Paid by Political Parties

49.    S.C. Code Section 7-13-15(A)(1) necessitates the Greenville County
        Republican Party to conduct and pay for municipal primaries because the
        S.C. State Election Commission, the Greenville County Election
        Commission and the Greenville City Election Commission are prohibited
        by law from conducting the partisan municipal primaries in Greenville
        County.

50.    S.C. Code § 7-15-395 states, in part, that: "Any political party conducting a
        primary in this State is responsible for carrying out the provision of this
        article by making ballots and election material available so that the person
        named in § 7-15-320 [absentee voters] may be enabled to vote in primary
        elections."

51.    S.C. Code § 7-15-395 states, in part, that: "All expenses incurred by any
        political party in conducting elections subject to the provisions of this
        article shall be borne by such political party."

52.    S.C. Code § 5-15-80 establishes that municipal political party primaries
        are to be conducted and paid for by the political parties.

53.    City of Greenville Ordinance, Chapter 14, Article I, Sec. 14-8(b)
        establishes that the political parties conduct and pay for the municipal
        political party primaries.

54.    The South Carolina State Election Commission does not have the
        authority to conduct or pay for the Republican Party municipal primary for

the City of Greenville (Mayor of Greenville, City Council, and Commissioner of Public Works (Water Commission)).

55. The Greenville County Election Commission does not have the authority to conduct or pay for the Republican Party municipal primary for the City of Greenville (Mayor of Greenville, City Council, and Commissioner of Public Works (Water Commission)).

56. The Greenville City Election Commission does not have the authority to conduct or pay for the Republican Party municipal primary for the City of Greenville (Mayor of Greenville, City Council, and Commissioner of Public Works (Water Commission)).

57. The Greenville County Republican Party, in fact, conducts and pays the expenses for the Republican Party municipal primaries for the City of Greenville (Mayor of Greenville, City Council, and Commissioner of Public Works (Water Commission)) as required by state law and City ordinance.

58. The Greenville County Republican Party, in fact, pays for ballots and election materials so that absentee voters may vote in the Republican Party municipal primary elections.

### Eligibility of Voters to Vote in Political Party Primary

59. S.C. Code Section 7-5-420 (*List of voters for party primaries*) states that: "Immediately preceding each party primary election the board of registration in each county shall furnish to the county committee of each political party proposing to hold a primary two official lists of voters for

each polling precinct in the county, containing in each the names of <u>all</u>
<u>electors entitled to vote</u> at each precinct."

60.    S.C. Code Section 7-5-610 (*Who is entitled to vote in municipal elections*)
states that: "Every citizen of this State and of the United States: (1) Of the
age of eighteen years and upwards; (2) Having all of the qualifications
mentioned in § 7-5-120; (3) Who has resided within the corporate limits of
any incorporated municipality in this State for thirty days previous to any
municipal election; (4) Who has been registered for county, state, and
national elections as herein required; is <u>entitled</u> to vote at <u>all</u> municipal
elections of his municipality."

61.    City of Greenville Ordinance, Chapter 14, Article I, Sec. 14-10, (*Persons
entitled to vote*), states: "All inhabitants residing within the corporate limits
of the city who have been duly registered and who are qualified to vote
according to the provisions of the constitution of the state shall be entitled
to vote at all elections to be held within the city."

62.    S.C. Code Section 7-15-320 (*Persons qualified to vote by absentee ballot*)
states, in part, that: "A qualified elector in any of the following categories
<u>must</u> be permitted to vote by absentee ballot in <u>all</u> elections …"

63.    Even though S.C. Code Sections and City Ordinances require the
Greenville County Republican Party to conduct and pay for municipal
elections, the S.C. Code Sections and City Ordinances permit Democrats
and other rivals of the Party to vote in the Greenville County Republican
Party primary elections.

64.  Even though the S.C. Code Sections and City Ordinances require the Greenville County Republican Party to pay for the ballots and election materials for absentee voting in municipal primaries, the S.C. Code Sections and City Ordinances permit Democrats and other rivals of the Party to vote absentee in the Greenville County Republican Party primary elections.

65.  The South Carolina Code Sections 7-11-30, 7-13-15, 7-9-20, 7-5-420, 7-5-610, 7-5-630, 7-15-320, 7-5-340, 7-9-80 and 7-9-100, on their face and as applied, severely burden the Plaintiffs' rights of free association.

66.  The Defendants have no compelling state interest in forcing the Parties to pay for primaries and at the same time requiring the Parties to allow Democrats and other rivals of the Parties to vote in the primaries.  The Defendants have no compelling state interest in forcing the Parties to pay for ballots and election materials for absentee voting in municipal primaries, and at the same time requiring the Parties to allow Democrats and other rivals of the Party to vote absentee in the primaries.  In addition, the S.C. Code Sections, on their face and as applied, are not narrowly tailored to serve any compelling government interest.

## Political Parties Cannot Conduct Certain Primary Elections

67.  As to party primary elections, S.C. Code Section 7-13-15(B)(2)(c) prohibits the Greenville County Republican Party from conducting and paying for the partisan primaries for countywide and less than countywide offices,

because the primaries "<u>must</u> by conducted by the State Election Commission and the county election commissions."

68. The Greenville County Republican Party and the South Carolina Republican Party are able and willing to conduct and pay for countywide and less than countywide primaries (on terms and rules established by the Parties).

69. There is no provision in the S.C. Code which allows for a "firehouse primary" or a primary conducted by the Parties for countywide, less than countywide offices or other state offices, other than the municipal primary conducted by the Parties.

70. Pursuant to the decision in <u>Miller vs. Brown</u>, 503 F.3d 360, 362 (4th Cir. 2007), States that have government run open primaries must also allow for other alternatives to nominate a candidate, such as a "firehouse primary" or primaries conducted by the Parties.

71. South Carolina Code Section 7-13-15, on its face and as applied, severely burdens the Plaintiffs' rights of free association and the equal protection of the laws.

72. The Defendants have no compelling state interest in forcing the Parties to conduct and pay for municipal primary elections, and at the same time, prohibit the Parties from conducting primary elections for countywide and less than county wide office when the Parties are able and willing to conduct and pay for the primaries (on terms and rules established by the

Party).  In addition, Code Section 7-13-15, on its face and as applied, is not narrowly tailored to serve any compelling government interest.

### The South Carolina Code Already Authorizes a Closed Primary

73.    S.C. Code § 7-11-20 states that: "party primary elections held by political parties … must be conducted in accordance with this title and with party rules not in conflict with the provision of this title or the Constitution and laws of this State …"

74.    S.C. Code § 7-11-20 already authorizes the Political Parties' to close the primaries, but the S.C. Codes have unconstitutionally encumbered that authority.

75.    The Republican Parties respectfully request that this Court declare that S.C. Code § 7-11-20 already authorizes the Parties to issue rules setting forth who can vote in the parties' primaries; and that the Defendants are enjoined from using the S.C. Code Sections from preventing the Republican Parties from issuing those rules.

### Individual Electors

76.    The Defendants prohibit Plaintiffs Poe and Mitchell from voting in a "firehouse primary" or a primary conducted by the Parties, for statewide office, the state Senate and the state House of Representatives.

77.    The Defendants discriminate between Greenville County registered electors who can only vote in an open primary conducted by the

government, versus Greenville City registered electors (Plaintiff Mitchell) who live in the City of Greenville, who can vote in a municipal primary conducted by the Greenville County Republican Party.

78.    South Carolina Code Section 7-13-15, on its face and as applied, severely burdens the Plaintiffs' rights of free association and the equal protection of the laws.

79.    The Defendants have no compelling state interest in discriminating between registered electors who live in a municipality and electors who do not live in a municipality.  In addition, Code Section 7-13-15, on its face and as applied, is not narrowly tailored to serve any compelling government interest.

### FOR A FIRST CAUSE OF ACTION
### (VIOLATION OF PLAINTIFFS' RIGHT OF FREE ASSOCIATION)

80.    Plaintiffs hereby reiterate and adopt each and every allegation in the preceding paragraphs numbered 1 through 79.

81.    The Right of Free Association of the First Amendment to the United States Constitution in conjunction with the Fourteenth Amendment, prohibits the Defendants from abridging the Plaintiffs' right of free association.

82.    S.C. Code Sections 7-11-30, 7-13-15, 7-9-20, 7-5-420, 7-5-610, 7-5-630, 7-15-320, 7-5-340, 7-9-80 and 7-9-100, and 2013 Act No. 61, in whole or in part, on their face and as applied, are a severe burden on the Plaintiffs' right of free association.

83.    There is no compelling government interest sufficient to justify the Defendants' actions in applying the Code Sections and 2013 Act No. 61, in whole or in part, to the Plaintiffs.

84.    The Code Sections and 2013 Act No. 61, on their face and as applied, are not narrowly tailored to serve any compelling government interest.

85.    The Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their most cherished constitutional rights.

86.    Defendants either know, or should know, that the Code Sections and 2013 Act No. 61 are a blatant violation of the Plaintiffs' constitutional rights.

87.    As a direct and proximate result of the Defendants' continuing violations of the Plaintiffs' rights, the Plaintiffs have in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the declaratory and permanent injunctive relief set forth herein and issue an Order enjoining the Defendants from enforcing the referenced Code Sections and 2013 Act No. 61, in whole or in part. In addition, the Plaintiffs seek monetary damages from Defendants Greenville County Election Commission for their violations of the Plaintiffs' constitutional rights. The Plaintiffs do not seek monetary damages from Defendant Way.

## FOR A SECOND CAUSE OF ACTION
## (VIOLATION OF PLAINTIFFS' RIGHT OF EQUAL PROTECTION)

88.    Plaintiffs hereby reiterate and adopt each and every allegation in the preceding paragraphs numbered 1 through 79.

89.    Plaintiffs' right to equal protection under the laws is protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

90.    S.C. Code Sections 7-11-30, 7-13-15, 7-9-20, 7-5-420, 7-5-610, 7-5-630, 7-15-320, 7-5-340, 7-9-80 and 7-9-100, and 2013 Act No. 61, in whole or in part, on their face and as applied, are a severe burden on the Plaintiffs' right to equal protection of the laws and an unconstitutional abridgment of the Plaintiffs' right to equal protection of the laws.

91.    The Code Sections and 2013 Act No. 61, in whole or in part, on their face and as applied, discriminate between the Parties, which are required to pass a motion to nominate by convention by a three-fourths supermajority vote, versus other corporations, partnerships and non-profit organizations which are allowed to pass a motion or make a decision with a mere majority vote or by an executive committee.

92.    The Code Sections, on their face and as applied, discriminate between Greenville County registered electors who can only vote in an open primary conducted by the government, versus Greenville City registered electors (Plaintiff Mitchell) who live in the City of Greenville, who can vote in a municipal primary conducted by the Greenville County Republican Party.

93.     There is no compelling government interest sufficient to justify the Defendants' actions in applying the Code Sections and 2013 Act No. 61, in whole or in part, to the Plaintiffs.

94.     The Code Sections and 2013 Act No. 61, on their face and as applied, are not narrowly tailored to serve any compelling government interest.

95.     The Defendants, in violation of the Equal Protection Clause, have caused, and will continue to cause, the Plaintiffs to suffer undue and actual hardship and irreparable injury.

96.     The Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their most cherished constitutional rights.

97.     Defendants either know, or should know, that the Code Sections and 2013 Act No. 61 are a blatant violation of the Plaintiffs' constitutional rights.

98.     As a direct and proximate result of the Defendants' continuing violations of the Plaintiffs' rights, the Plaintiffs have in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the declaratory and permanent injunctive relief set forth herein and issue an Order enjoining the Defendants from enforcing the referenced Code Sections and 2013 Act No. 61, in whole or in part.  In addition, the Plaintiffs seek monetary damages from Defendants Greenville County Election Commission for their violations of the Plaintiffs' constitutional rights.  The Plaintiffs do not seek monetary damages from Defendant Way.

## FOR A THIRD CAUSE OF ACTION
## (PERMANENT INJUNCTIVE RELIEF)

99.   Plaintiffs hereby reiterate and adopt each and every allegation in the preceding paragraphs numbered 1 through 98.

100.   When Defendants Way and Greenville County Election Commission conduct the primaries for the Republican Parties, the Defendants conduct the primaries in a manner that allows Democrats and other rivals of the Republican Party to vote in the Parties' primary. This conduct infringes and severely burdens the Plaintiffs' rights of free association and the equal protection of the law.

101.   Plaintiffs seek permanent injunctive relief enjoining the Defendants, their agents, servants, employees and those acting in active concert and with actual notice thereof, from enforcing S.C. Code Sections 7-11-30, 7-13-15, 7-9-20, 7-5-420, 7-5-610, 7-5-630, 7-15-320, 7-5-340, 7-9-80 and 7-9-100, and from enforcing 2013 Act No. 61, in whole or in part, and from violating the Plaintiffs' First and Fourteenth Amendment rights of free association and the equal protection of the laws as guaranteed in the United States Constitution.

102.   The Defendants' conduct is not narrowly tailored to serve any compelling government interest.

103.   Plaintiffs currently suffer from the denial of rights guaranteed by the United States Constitution because of the Code Sections, 2013 Act No. 61 and the Defendants' policies, customs, and practices.

104.    Plaintiffs have no adequate remedy at law to correct the continuing

deprivations of their most cherished constitutional liberties.

105.    Defendants have caused the Plaintiffs to suffer, and they continue to

suffer, irreparable harm, damage and injury.  Plaintiffs will continue to

suffer such damages unless the Code Sections, 2013 Act No. 61, in whole

or in part, and Defendants' policies, customs and practices complained of

are enjoined.

WHEREFORE, Plaintiffs respectfully pray that the Court grant the

permanent injunctive relief set forth herein.

## FOR A FOURTH CAUSE OF ACTION
## (DECLARATORY RELIEF)

106.    Plaintiffs hereby reiterate and adopt each and every allegation in the

preceding paragraphs numbered 1 through 98.

107.    An actual controversy has arisen between Plaintiffs and Defendants in that

Plaintiffs contend that, as a direct and proximate result of the Code

Sections, 2013 Act No. 61 and Defendants' policies, customs and

practices, Plaintiffs have been harmed because the Code Sections, 2013

Act No. 61 and Defendants' policies, customs, and practices are hostile to

the United States Constitution as it pertains to the Republican Parties'

primaries.

108.    Plaintiffs desire a judicial determination of the parties' rights and duties

under the United States Constitution and a judicial declaration that S.C.

Code Sections 7-11-30, 7-13-15, 7-9-20, 7-5-420, 7-5-610, 7-5-630, 7-15-

320, 7-5-340, 7-9-80 and 7-9-100, and 2013 Act No. 61, in whole or in part, are unconstitutional as a direct violation of the First and Fourteenth Amendments to the United States Constitution.

109. The Plaintiffs respectfully request that this Court declare that S.C. Code § 7-11-20 already authorizes the Parties to issue rules setting forth who can vote in the parties' primaries.

110. The Plaintiffs respectfully request that this Court declare that 2013 Act No. 61, Section 3 has abolished the state run open primary and the only method left to political parties to nominate candidates is by the convention method.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs pray for judgment as follows:**

A.    That this Court issue a Permanent Injunction, enjoining the Defendants, Defendants' officers, agents, employees and all other persons acting in active concert with them, from enforcing S.C. Code Sections 7-11-30, 7-13-15, 7-9-20, 7-5-420, 7-5-610, 7-5-630, 7-15-320, 7-5-340, 7-9-80 and 7-9-100, and 2013 Act No. 61, in whole or in part, against the Plaintiffs;

B.    That this Court render a Declaratory Judgment declaring S.C. Code Sections 7-11-30, 7-13-15, 7-9-20, 7-5-420, 7-5-610, 7-5-630, 7-15-320, 7-5-340, 7-9-80 and 7-9-100, and 2013 Act No. 61, in whole or in part, unconstitutional under the United States Constitution, on their face and as applied to the Plaintiffs; and, this Court render a Declaratory Judgment declaring that the

Republican Parties, pursuant to S.C. Code § 7-11-20, have the authority to issue rules setting forth who can vote in the parties' primaries; and the Plaintiffs respectfully request that this Court declare that 2013 Act No. 61, Section 3 has abolished the state run open primary and the only method left to political parties to nominate candidates is by the convention method.

   C.  That this Court enter a judgment against Defendants Greenville County Election Commission for monetary damages for the Defendants' violations of the Plaintiff's constitutional rights;

   D.  That this Court adjudge, decree and declare the rights and other legal relations of the parties, in order that such declaration shall have the force and effect of final judgment;

   E.  That this Court retain jurisdiction of this matter for purpose of enforcing this Court's order;

   F.  That this Court award Plaintiffs the reasonable attorneys' fees, costs, and expenses of this action in accordance with 42 U.S.C. § 1988;

   G.  That this Court grant such other and further relief as this Court deems equitable and just under the circumstances.

Respectfully Submitted,

HARMS LAW FIRM, P.A.

July 29, 2013

By: _____

Samuel D. Harms, III, Esq.
Federal Bar Number: 7406
33 Market Point Drive
Greenville, SC 29607

Phone: (864) 277-0102
Fax: (864) 527-0427
Samuel@HarmsLawFirm.com
Attorney for Plaintiffs Greenville County
Republican Party Executive Committee,
Chairman Poe, and William "Billy"
Mitchell